UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANGELA UKPOMA,<br><br>                              Plaintiff,<br><br>        v.<br><br>U.S. BANK NATIONAL<br>ASSOCIATION, et al.,<br><br>                              Defendants. | NO:  12-CV-0184-TOR<br><br>ORDER GRANTING DEFENDANTS'<br>MOTIONS FOR SUMMARY<br>JUDGMENT |

BEFORE THE COURT are cross-motions for summary judgment (ECF Nos. 34, 37 and 46[1]).  These matters were heard with telephonic oral argument on May 8, 2013.  Lakisha M. Morris appeared on behalf of the Plaintiff.  John E. Glowney appeared on behalf of Defendants U.S. Bank National Association, Mortgage Electronic Registration Systems, Inc. and Select Portfolio Servicing, Inc.

---

[1] Plaintiff has made several amendments and corrections to her motion for summary judgment.  The operative motion is filed at ECF No. 46.

ORDER ON MOTIONS FOR SUMMARY JUDGMENT ~ 1

Mary Stearns appeared on behalf of Defendant Quality Loan Service Corp. of Washington.  The Court has reviewed the briefing and the record and files herein, and is fully informed.

## BACKGROUND

Plaintiff asserts a variety of claims stemming from Defendants' efforts to foreclose on her home.  Plaintiff's main contention is that Defendants no longer have an enforceable security interest in her home given that her loan was sold into a securitized trust.  She also alleges that Defendants violated various state and federal statutes by attempting to foreclose upon an invalid security interest.  For the reasons discussed below, the Court finds that Defendants are entitled to summary judgment on all of Plaintiff's claims.

## FACTS

Plaintiff, Angela Ukpoma ("Plaintiff") purchased a home in Kettle Falls, Washington in December of 2006.  To finance the purchase, Plaintiff borrowed $252,000 from Credit Suisse Financial Corporation ("Credit Suisse").  Plaintiff's obligation to repay the loan was memorialized in an adjustable rate note dated December 13, 2006. ECF No. 35-1.  The loan was secured by a deed of trust in favor of Credit Suisse, with Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") listed as the beneficiary.  ECF No. 35-4.  The deed of trust was recorded in the Stevens County Auditor's Office on December 21, 2006.

ORDER ON MOTIONS FOR SUMMARY JUDGMENT ~ 2

1    In May of 2007, Credit Suisse indorsed the note in blank by way of an

2  allonge executed by its attorney-in-fact, Lydian Data Services, thereby rendering

3  the note a bearer instrument.  ECF No. 35-2.  Shortly thereafter, the note was

4  transferred to Defendant U.S. Bank National Association ("U.S. Bank").  U.S.

5  Bank asserts that "MERS assisted in this transaction in an agency capacity to

6  effectuate the transfer."  ECF No. 38-1.  Plaintiff's loan was ultimately transferred

7  into a securitized trust known as the Adjustable Rate Mortgage-Backed Pass-

8  Through Certificates, Series 2007-2.

9    Plaintiff defaulted on her loan in late 2007.  U.S. Bank subsequently

10  appointed Defendant Quality Loan Service Corp. ("Quality") as successor trustee

11  on February 1, 2008.  ECF No. 40-1, Exhibit A.  On that same date, Quality mailed

12  Plaintiff a notice of default and arranged for the same to be posted on Plaintiff's

13  residence.  ECF No. 40-1, Exhibit B.  On March 3, 2008, Quality executed a notice

14  of trustee's sale, which was recorded in the Stevens County Auditor's Office two

15  days later.  ECF No. 40-1, Exhibit C.  On March 18, 2008, MERS executed a

16  corporate assignment of deed of trust which purported to transfer beneficial interest

17  in the deed of trust to U.S. Bank.  ECF No. 47-4.  For reasons that are not clear

18  from the record, Quality did not proceed with the trustee's sale.

19    Quality resumed its efforts to foreclose on the property in 2010.  Upon

20  learning of these efforts, Plaintiff sued the servicer of her loan, Defendant Select

ORDER ON MOTIONS FOR SUMMARY JUDGMENT ~ 3

Portfolio Services, Inc. ("SPS"), in U.S. District Court for the Eastern District of Washington.  *See* Case No. 10-CV-0420-LRS.  One week later, Plaintiff filed a Chapter 7 bankruptcy petition.  *See* Case No. 10-6815-PCW7.  Plaintiff's civil complaint was subsequently dismissed on the ground the claims belonged to Plaintiff's bankruptcy estate rather than Plaintiff herself.  Plaintiff's bankruptcy was eventually discharged in early 2011.

Quality resumed its efforts to foreclose on the property by filing a new notice of trustee's sale on August 22, 2011.  Plaintiff responded by filing the instant lawsuit in Stevens County Superior Court, which was subsequently removed to this Court.  To date, no sale of Plaintiff's property has occurred.

DISCUSSION

Summary judgment may be granted upon a showing by the moving party "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to identify specific genuine issues of material fact which must be decided by a jury.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  "The mere existence of a scintilla of evidence in support of the

ORDER ON MOTIONS FOR SUMMARY JUDGMENT ~ 4

1  plaintiff's position will be insufficient; there must be evidence on which the jury

2  could reasonably find for the plaintiff." *Id.* at 252.

3      For purposes of summary judgment, a fact is "material" if it might affect the

4  outcome of the suit under the governing law. *Id.* at 248.  A dispute concerning any

5  such fact is "genuine" only where the evidence is such that a reasonable jury could

6  find in favor of the non-moving party. *Id.*  In ruling on a summary judgment

7  motion, a court must construe the facts, as well as all rational inferences therefrom,

8  in the light most favorable to the non-moving party.  *Scott v. Harris*, 550 U.S. 372,

9  378 (2007).  Finally, the court may only consider admissible evidence.  *Orr v.*

10  *Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002).

11  **A. Breach of Contract Claim**

12      Plaintiff's breach of contract claim is grounded in an alleged breach of the

13  deed of trust.  According to Plaintiff, U.S. Bank and others breached the terms of

14  the contract by failing to reconvey the property to her unencumbered following the

15  sale of her mortgage into the securitized trust.  In Plaintiff's view, the sale of the

16  note into the securitized trust extinguished any security interest evidenced by the

17  deed of trust because the original owner(s) of the note "received full consideration

18  for their interest in the note" when it was securitized.  Pl.'s Compl., ECF No. 1-1,

19  at ¶ 39.  As a result, Plaintiff argues, "Defendants and others claiming an interest in

20

1  the note no longer have a secured interest in Plaintiff's home." Pl.'s Compl., ECF

2  No. 1-1, at ¶ 41.

3       Contrary to Plaintiff's assertions, securitization of the note through the

4  MERS system did not extinguish the security interest evidenced by the deed of

5  trust. *See McCarty v. U.S. Bank*, N.A., 2012 WL 1751791 at *2 (W.D. Wash.

6  2012) (unpublished); *Van Kirk v. Bank of America Corp.*, 2012 WL 3544735 at * 7

7  (D. Idaho 2012) (unpublished) (collecting cases); *Cervantes v. Countrywide Home*

8  *Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011) (holding that securitization of

9  note through MERS system did not deprive lender of right to foreclose). The note

10  remained secured by the deed of trust despite the fact that the former was

11  securitized. *Tripoli v. Branch Banking & Trust Corp.*, 2012 WL 2685090 at *3 (D.

12  Utah 2012) (unpublished) ("Thus, even if BB & T or MERS had attempted to

13  separate the Note from the Trust Deed, the security was paired, as a matter of fact,

14  with the Note at all times, regardless of any purported attempt to separate the

15  two."). Accordingly, Defendants are entitled to summary judgment on this claim.

16  **B. Wrongful Foreclosure Claim**

17       Plaintiff's wrongful foreclosure claim rests on the theory that MERS cannot

18  act as a "beneficiary" of a deed of trust under Washington law, and that, as a result,

19  any assignments of the deed of trust by MERS to other entities were void. Citing

20  to the Washington Supreme Court's decision in *Bain v. Metropolitan Mortgage*

ORDER ON MOTIONS FOR SUMMARY JUDGMENT ~ 6

1   *Group, Inc.*, 175 Wash.2d 83, 110 (2012), Plaintiff argues that, upon the execution

2   of the corporate assignment of successor trustee by MERS, "U.S. Bank became an

3   unsecured creditor, with absolutely no right to foreclose."  Pl.'s Compl., ECF No.

4   1-1, at ¶ 61.  Plaintiff further suggests that the note has been "separated" from the

5   deed of trust, thereby invalidating the security interest in her home.

6          Contrary to Plaintiff's assertions, the fact that MERS is listed as a

7   beneficiary of the deed of trust is not relevant to the outcome of this case.  U.S.

8   Bank is currently in possession of the original note and deed of trust.  The note is

9   indorsed in blank, making it payable to the "bearer" (that is to say, anyone in

10  physical possession) rather than to a specific payee.  *See generally* RCW 62A.3-

11  205(b) ("If an indorsement is made by the holder of an instrument and it is not a

12  special indorsement [as defined by RCW 62A.3-205(a)], it is a 'blank

13  indorsement.'  When indorsed in blank, an instrument becomes payable to bearer

14  and may be negotiated by transfer of possession alone until specially indorsed.").[2]

15  [2] Plaintiff suggests that the indorsement is invalid because (1) it was made on an

16  allonge rather than on the note itself, and (2) the allonge is not physically attached

17  to the note.  Neither argument is persuasive.  Under RCW 62A.3-204, "[a]n

18  indorsement on an allonge is valid even though there is sufficient space on the

19  instrument for an indorsement.").  RCW 62A.3-204, UCC Comment 1.  Further,

20  the allonge in this case specifically identifies the note to which it became

ORDER ON MOTIONS FOR SUMMARY JUDGMENT ~ 7

1   Thus, by virtue of being in possession of the note, U.S. Bank is the lawful owner.

2   Its right to receive payment on the note does not depend upon any assignment of

3   the note from MERS.

4        Nor have the note and deed of trust been forever "separated." Indeed,

5   Plaintiff's own authorities compel the opposite conclusion. As Plaintiff correctly

6   observes, the assignment of a deed of trust without a transfer of the underlying debt

7   obligation is a legal nullity. *See* Pl.'s Compl., ECF No. 1-1, at ¶ 60 (citing

8   *Carpenter v. Longan*, 83 U.S. 271, 274 (1872)). The logical corollary of this rule

9   is that "[t]he transfer of [a] note carries with it the security, without any formal

10  assignment or delivery, or even mention of the latter." *Carpenter*, 83 U.S. at 275.

11  Here, the transfer of the note from Credit Suisse to U.S. Bank automatically carried

12  with it the security interest evidenced by the deed of trust. *Id.; see also Tripoli*,

13  2012 WL 2685090 at *3 (D. Utah 2012) (unpublished) ("[T]he security was paired,

14  as a matter of fact, with the Note at all times, regardless of any purported attempt

15

16  permanently "affixed." *See* ECF No. 35-2. Given that there are no competing

17  claims to payment on the note, there is no need to strictly construe the "affixation"

18  requirement to mean "permanent physical attachment." The fact that both

19  documents were two-hole punched and bound together with other documents in the

20  same folder is sufficient.

ORDER ON MOTIONS FOR SUMMARY JUDGMENT ~ 8

1   to separate the two.").  Accordingly, any subsequent transfers of the deed of trust

2   by MERS to other entities are irrelevant.  Because the note remains secured by the

3   deed of trust, Defendants are entitled to summary judgment on this claim.

4          Finally, the Court must address Plaintiff's request for leave to amend her

5   wrongful foreclosure claim to state a cause of action for individual violations of the

6   Washington Deed of Trust Act, RCW Chapter 61.24.  ECF No. 53 at 12-13.  Based

7   upon the rulings above, the Court finds that any such amendment would be futile.

8   U.S. Bank and its appointed successor trustee(s) have authority to foreclose on the

9   deed of trust.  To the extent that U.S. Bank or any other Defendant violated one or

10  more provisions of the Deed of Trust Act in their prior attempts to foreclose on

11  Plaintiff's property, Plaintiff cannot establish that she was injured by the violation.

12  Given that no foreclosure has taken place, Plaintiff could not have been injured.

13  Thus, Plaintiff's request for leave to amend is denied.

14    **C. Quiet Title Claim**

15         Plaintiff's quiet title claim is based upon the theory that Defendants' security

16  interest in her home was extinguished by the securitization of her loan.  For the

17  reasons discussed above, this theory lacks merit.  Defendants are entitled to

18  summary judgment on this claim.

19  //

20  //

1    **D. Slander of Title Claim**

2         In Washington, "the initiation of foreclosure proceedings cannot form the

3    basis of a slander of title claim." *Beaton v. JPMorgan Chase Bank N.A.*, 2012 WL

4    909768 at *3 (W.D. Wash. 2012) (unpublished) (citing *Krienke v. Chase Home*

5    *Finance, LLC*, 140 Wash. App. 1032, 2007 WL 2713737 at *5 (Wash. App.

6    2007)); *see also Tuttle v. Bank of New York Mellon*, 2012 WL 726969 at *6 (W.D.

7    Wash. 2012) (unpublished) (holding that the filing of a Notice of Trustee's Sale

8    cannot give rise to a slander of title claim because "Washington law requires a

9    trustee to record such a notice following a borrower's default.") (citing RCW

10   61.24.030); *Buddle-Vlasyuk v. Bank of New York Mellon*, 2012 WL 254096 at *5

11   (W.D. Wash. 2012) (unpublished) (same); *Oliveros v. Deutsche Bank Nat. Trust*

12   *Co., N.A.*, 2012 WL 113493 at *5 (W.D. Wash. 2012) (unpublished) (same).

13   Defendants are entitled to summary judgment on this claim.

14   **E. Fraud, Misrepresentation and Aiding and Abetting Fraud Claims**

15        Plaintiff's claims for fraud, misrepresentation and aiding and abetting fraud

16   are grounded in allegations that Defendants attempted to foreclose on her property

17   (1) with knowledge that they lacked legal authority to do so; and (2) by relying

18   upon fraudulently executed documents.  The first of these arguments is derivative

19   of the arguments addressed above concerning U.S. Bank's ownership of the note

20   and attached security interest.  For the reasons previously stated, this argument is

1  not persuasive.  U.S. Bank was entitled to initiate foreclosure proceedings by virtue

2  of being the lawful owner of the note and the deed of trust.

3        Plaintiff's second argument relates to so-called "robo-signing" of the

4  documents used to initiate foreclosure proceedings.  Even assuming for the sake of

5  argument that the assignments in question were fraudulently executed, Plaintiff, as

6  a third party, lacks standing to challenge them.  *See Bateman v. Countrywide Home*

7  *Loans*, 2012 WL 5593228 at *4 (D. Hawaii 2012) (unpublished) ("The reason

8  debtors generally lack standing to challenge assignments of their loan documents is

9  that they have no interest in those assignments, and the arguments they make do

10  not go to whether the assignments are void *ab initio*, but instead to whether the

11  various assignments are voidable.  Debtors lack standing to challenge voidable

12  assignments; only the parties to the assignments may seek to avoid such

13  assignments.") (citing *Williston on Contracts* § 74:50 (4th ed.)); *In re MERS*

14  *Litigation*, 2012 WL 932625 at *3 (D. Ariz. 2012) (unpublished) (holding that

15  allegations of robo-signing failed to state a claim because plaintiff lacked standing

16  to challenge assignment); *Kuc v. Bank of Am., NA*, 2012 WL 1268126 at *2 (D.

17  Ariz 2012) (unpublished) ("[P]laintiff, as a third-party borrower, does not have

18  standing to challenge the validity of any allegedly 'robosigned' recorded

19  assignments."); *Javaheri v. JPMorgan Chase Bank N.A.*, 2012 WL 3426278 at *6

20  (C.D. Cal. 2012) (unpublished) (accepting allegations of robo-signing as true, but

ORDER ON MOTIONS FOR SUMMARY JUDGMENT ~ 11

1  holding that plaintiff lacked standing to challenge substitution of trustee

2  agreement).  Defendants are entitled to summary judgment on these claims.

3      **F.  "Violations of Trustee's Duties" Claim**

4      Plaintiff asserts that Quality violated its duties as a trustee under the

5  Washington Deed of Trust Act by, *inter alia*, failing to provide adequate notice of

6  default, providing deficient notice of the trustee's sale, failing to validate that U.S.

7  Bank actually owned the promissory note, and acting in bad faith.  *See* Pl.'s

8  Compl., ECF No. 1-1, at ¶¶ 114-124.  These claims fail as a matter of law because

9  Plaintiff has not been injured by the alleged violations.  Given that Defendants

10  discontinued both prior attempts to foreclose on Plaintiff's property, there is no

11  injury fairly traceable to the alleged violations.  If Defendants wish to foreclose on

12  Plaintiff's property, presumably they will start the notification process anew.

13  Thus, Defendants are entitled to summary judgment on this claim.

14      **G. FDCPA Claim**

15      Plaintiff alleges that Defendant SPS violated the Fair Debt Collection

16  Practices Act by falsely representing the amount owed on her loan and making

17  unlawful communications.  This claim fails as a matter of law because "the activity

18  of foreclosing on [a] property pursuant to a deed of trust is not the collection of a

19  debt within the meaning of the FDCPA."  *Hulse v. Ocwen Fed. Bank, FSB*, 195 F.

20  Supp. 2d 1188, 1204 (D. Or. 2002); *see also Van Kirk*, 2012 WL 3544735 at *4

1  (unpublished) (holding that "lenders and mortgage companies are not 'debt

2  collectors' within the meaning of the FDCPA").  Defendants are entitled to

3  summary judgment on this claim.

4    **H. CPA Claim**

5    To prevail on a claim for a violation of Washington's Consumer Protection

6  Act ("CPA"), a plaintiff must demonstrate: (1) an unfair or deceptive act or

7  practice; (2) occurring in the conduct of trade or commerce; (3) which impacts the

8  public interest; (4) an injury to business or property; and (5) a causal link between

9  the injury and the deceptive act or practice.  *Columbia Physical Therapy, Inc., P.S.*

10  *v. Benton Franklin Orthopedic Assoc., P.L.L.C.*, 168 Wash.2d 421, 442 (2010).

11  Here, Plaintiff has asserted CPA claims against MERS, Quality and U.S. Bank.

12  Her claims against Quality and U.S. Bank are derivative of the claims addressed

13  above—specifically that neither Defendant had legal authority to initiate

14  foreclosure proceedings.  For the reasons discussed above, this argument is not

15  persuasive.

16    Plaintiff's CPA claim against MERS is based upon the theory that "MERS is

17  claiming to have authority to assign the deed of trust and note, when it does not."

18  Pl.'s Compl., ECF No. 1-1, at ¶ 139.  While it is true that listing MERS as a

19  beneficiary of a deed of trust is "presumptively" an unfair or deceptive act or

20  practice for purposes of a CPA claim, *see Bain*, 175 Wash.2d at 117, a plaintiff

asserting such a claim must also demonstrate that he or she was injured as a result

of the act or practice, *see id.* at 119 ("Depending upon the facts of a particular case,

a borrower may or may not be injured by the disposition of the note, the servicing

contract, or many other things, and MERS may or may not have a causal role.").

Here, Plaintiff's only alleged injury is that she had difficulty determining who

actually owned her loan.  ECF No. 46 at 39.  She fails to adequately explain how

this difficulty resulted in an actual injury to her business or property.  At bottom,

Plaintiff simply has not been injured by MERS's involvement with her loan.

Defendants are entitled to summary judgment on this claim.

## I.  Claims for Declaratory and Injunctive Relief

Plaintiff's claims for declaratory and injunctive relief are entirely derivative

of claims which have been dismissed above.  Accordingly, Plaintiff is not entitled

to declaratory or injunctive relief.  Defendants are entitled to summary judgment

on these claims.

**IT IS HEREBY ORDERED:**

1. The Motion for Summary Judgment filed by Defendants U.S. Bank
   National Association, Mortgage Electronic Registration Systems, Inc.
   and Select Portfolio Servicing, Inc. (ECF No. 34) is **GRANTED**.

2. The Motion for Summary Judgment filed by Defendant Quality Loan
   Service Corporation (ECF No. 37) is **GRANTED**.

1  3. Plaintiff's Amended Motion for Summary Judgment (ECF Nos. 42 and

2   46) is **DENIED**.

3  The District Court Executive is hereby directed to enter this Order, provide

4 copies to counsel, enter judgment in favor of all Defendants, and **CLOSE** the file.

5  **DATED** May 9, 2013.



7        THOMAS O. RICE
         United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER ON MOTIONS FOR SUMMARY JUDGMENT ~ 15