UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANGELA UKPOMA,<br><br>                    Plaintiff,<br><br>     v.<br><br>U.S. BANK NATIONAL ASSOCIATION, et al.,<br><br>                    Defendants. | NO: 12-CV-0184-TOR<br><br>ORDER DENYING MOTION TO VACATE |

BEFORE THE COURT is Plaintiff's Motion to Vacate Summary Judgment (ECF No. 83). This matter is submitted for consideration without oral argument.[1] The Court has reviewed the briefing and the record and files herein, and is fully informed.

---

[1] Pursuant to L.R. 7.1(h)(3)(B)(iii), the Court finds that oral argument would not materially assist it in reaching a decision. The hearing currently scheduled for July 8, 2014, at 2:00 p.m. in Yakima is hereby **VACATED**.

ORDER DENYING PLAINTIFF'S MOTION TO VACATE ~ 1

Following the dismissal of her appeal by the Ninth Circuit for failure to timely file her opening brief (ECF No. 82), Plaintiff moves this Court to vacate its May 9, 2013 order granting Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 60(b). In support of the motion, Plaintiff argues that two intervening decisions by Division 1 of the Washington Court of Appeals contradict this Court's rationale for granting Defendants summary judgment. Plaintiff asserts that these two new cases rendered her appeal "premature," and argues that it would be "unfair [to] the trial court and all parties if the first look at the recent case law developments [was] in the Ninth Circuit." ECF No. 83 at 3.

As a threshold matter, there is no reason why Plaintiff could not have raised her instant arguments before the Ninth Circuit. That Court routinely considers the impact of a purported change in controlling law on a trial court's rulings. There is nothing "premature" or "unfair" about moving forward with an appeal under these circumstances, and Plaintiff's suggestion to the contrary appears to be a post-hoc rationalization for her failure to timely prosecute her appeal.[2]

In any event, relief under Rule 60(b) is not warranted. A motion for relief from judgment under Rule 60(b) must be filed "within a reasonable time." Fed. R.

---

[2] The Court has reviewed the Ninth Circuit's docket and notes that Plaintiff did not move to stay her appeal pending the filing of a Rule 60(b) motion in this Court.

ORDER DENYING PLAINTIFF'S MOTION TO VACATE ~ 2

Civ. P. 60(c)(1).[3] "What constitutes [a] 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981). After the moving party's opportunity to appeal has passed, the interest in finality must be given "great weight." *Id.*

The two Washington Court of Appeals cases on which Plaintiff relies, *Walker v. Quality Loan Serv. Corp. of Wash.*, 176 Wash. App. 294 (2013) and *Bavand v. OneWest Bank, F.S.B.*, 176 Wash. App. 475 (2013), were decided on

---

[3] Although plaintiff was within the Rule 60(c)(1)'s "no more than a year after the entry of judgment" limitation for filing this motion, that is not dispositive of the timeliness issue. It still must be filed within a reasonable time. *See Meadows v. Dominican Republic*, 817 F.2d 517, 520-21 (9th Cir. 1987) (Such a motion may be denied, although it was filed within the one year period, if the district court finds that the [movant] was guilty of laches or unreasonable delay.) Here, unreasonable delay is evident by the amount of time that has passed and the nature of this action; an action to delay or upset a foreclosure.

ORDER DENYING PLAINTIFF'S MOTION TO VACATE ~ 3

Case 2:12-cv-00184-TOR    Document 84    Filed 05/12/14

August 5, 2013, and September 9, 2013, respectively.[4] Plaintiff has made no effort to explain why she waited nearly eight months to file the instant motion. Since Plaintiff forfeited her opportunity to pursue an appeal, the interest in finality must be afforded great weight. *Ashford*, 657 F.2d at 1055. Given that Plaintiff has not offered a satisfactory countervailing interest, the Court finds that the instant motion is untimely. Accordingly, the motion is denied.

**IT IS HEREBY ORDERED:**

1. Plaintiff's "Motion to Vacate Summary Judgment" (ECF No. 83) is **DENIED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel. The file shall remain **CLOSED**.

**DATED** May 12, 2014.

THOMAS O. RICE
United States District Judge

---

[4] Plaintiff also cites to *Glaski v. Bank of America, N.A.*, 218 Cal. App. 4th 1079 (2013), an August 8, 2013, California decision which is not binding on this Court.

ORDER DENYING PLAINTIFF'S MOTION TO VACATE ~ 4